UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:16 cr 00325 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN D. DANIELS, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

Now comes Defendant, Steven D. Daniels, by and through undersigned counsel, and respectfully submits this sentencing memorandum for this Honorable Court's consideration.

### I.  BACKGROUND

Mr. Daniels pled guilty to Count 1 of the indictment, Distribution of Fentanyl Resulting in Death, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(c). Defendant has received and reviewed the Presentence Investigation Report (hereinafter "PSI") and now provides the following account for the Court's consideration in determining his sentence.

Mr. Daniels was born on April 17, 1985, in Akron Ohio to Tracy Daniels and an unknown father. He is the only child born to his biological parents. His mother raised him until age 8 when she went to prison. His mother abused crack cocaine, struggled financially, and was abusive. She had many male visitors, several of whom sexually abused him. His mother would routinely leave him with her friends, many of whom were also drug users. In the absence of food, her friends forced him to use alcohol and crack cocaine as early as 8 years old. When his mother went to prison, Defendant lived with his mother's ex-boyfriend, Frank Parms.

Life with Parms was hell on earth for Mr. Daniels. Parms was extremely cruel, abusive, and sadistic. (See PSI at ¶ 23). Parms routinely beat Mr. Stevens to the point that Parms kept

Mr. Daniels from school in order to keep teachers from reporting the abuse. (Id.) Mr. Daniels reported that Parms used to punch him in the nose for simple mistakes such as forgetting to take the trash out or not cleaning his room. (Id.) Parms kept Mr.Daniels bound in the basement with his mouth taped shut for days at a time with no food or water. (Id.) To compound these injuries, Parms abused Mr. Daniels mentally and emotionally, blaming him for his bad days, referring to him as a "dumb motherfucker," a "stupid bitch," and a "crackhead like [his] mother." (Id.) This torture continued for 9 years until Mr. Daniels left and became homeless at 17. (Id.)

Mr. Daniels lived on the street for months, sleeping in abandoned houses. (PSI at ¶ 23). Eventually he moved in with his aunt, Stephanie Daniels. (Id. at ¶ 23, 58). He lived with her for a few years, graduated high school and got a job at the Macaroni Grille. (Id. at ¶ 23). One day, Mr. Daniels came home from work to find his aunt's boyfriend holding her down and brutally beating her. (Id.) Mr. Daniels stabbed him with a meat thermometer until he relented in his assault of Mr. Daniels aunt. (Id.) Upon finding out that there was a warrant for his arrest, he turned himself in. (Id.) On the advice of his court-appointed counsel at the time, Mr. Daniels pled guilty to aggravated assault. (Id.)

Mr. Daniels readily admitted to selling drugs. (PSI at ¶ 23). Mr. Daniels was in a position in which he had to support his child, his girlfriend, and his mother. (Id.) All the while, Mr. Daniels sought legal employment. (See id.). During periods of legal employment, Mr. Daniels stopped selling drugs. (See id.). Only when he was out of work did he sell drugs, in order to provide for those he loved. (See id.).

## II. PHYSICAL CONDITIONS

Mr. Daniels suffers from several physical impairments and conditions. He suffered a heart attack in 2014. (PSI at ¶ 62). As a result, he underwent surgery and had a stent placement.

(Id.) Mr. Daniels suffers from coronary artery disease and hyperlipidemia. He was paralyzed for six to seven months in 2007 as the result of a car accident. (Id. at ¶ 63). Mr. Daniels is restricted to light duty because of his physical conditions. (Id. at ¶ 62).

### III. MENTAL AND EMOTIONAL CONDITIONS

Mr. Daniels suffers from a plethora of mental and emotional conditions as a result of the abuse and torture he endured in his childhood. He suffers from depression, anxiety, panic disorder, and learning disabilities. (PSI at ¶ 64). He suffers from dysthymia and schizophrenia. (PSI at ¶ 64; verified by ). He is currently prescribed 50 milligrams of Zoloft/Sertraline and 50 milligrams of Hydroxyzine per day. (PSI at ¶ 64).

### IV. CRIMINAL HISTORY

Mr. Daniels criminal history overstates the seriousness of at least one of his offenses. Mr. Daniels pled guilty to aggravated assault in 2005. (PSI at ¶¶ 23, 41). The first issue with the description of this conviction is that the history report states that Mr. Daniels used a knife. (Id. at ¶ 41). This is inaccurate. Mr. Daniels used a meat thermometer because that is what he had in his possession from work. (Id. at ¶ 23). He did not leave, get a knife, and return. (Id.) The second issue is that Mr. Daniels took this action only to stop the victim from brutally beating his aunt. (Id.) Mr. Daniels found out that there was a warrant for his arrest and promptly turned himself in.(Id.) Mr. Daniels was held without bail. (See id.). Mr. Daniels pled guilty only on the advice of his court-appointed attorney, because the attorney told him that he would get out of jail. (Id.)

### V. ACCEPTANCE OF RESPONSIBILITY

Defendant readily admitted to the offense. (PSI at ¶¶ 20, 21, 23, 32, 33). Mr. Daniels admitted guilt and expressed remorse. (Id.) Mr. Daniels assisted authorities in his own prosecution by timely notifying the U.S. Attorney of his intention to plead guilty. (Id. at ¶ 33).

## VI. PARTICULAR PHYSICAL AND MENTAL ABUSE

The Sentencing Commission's policy that a disadvantaged childhood is not relevant in determining a sentence does not preclude consideration of exceptional circumstances with respect to a defendant's upbringing. *See, e.g., Koon v. United States,* 518 U.S. 81 (1996); *United States v. Collington*, 461 F.3d 805, 809, 816 (6th Cir. 2006) (supported both by the majority opinion and the dissent);*United States v. Pullen*, 89 F.3d 368, 371 (7th Cir. 1996); *United States v. Ayers*, 971 F. Supp. 1197, 1200 (N.D. Ill. 1997).

To say that Mr. Daniels childhood was disadvantaged would be a vast understatement. He spent most of his formative years being forced to consume alcohol and smoke crack cocaine. (PSI at ¶ 23, 68). He was sexually abused by the many men in the revolving door of his mother's suitors. (Id. at ¶ 23, 57). He was repeatedly beaten, bound, and gagged over the course of his nine years living with Parms. (Id. at ¶ 23, 58). His only escape from this hell was life on the streets, homeless as a minor. (Id.)

## VII. FACILITIES AND PROGRAMS

As noted above, Defendant suffers from several heart conditions. Defendant would be best suited to serve any period of incarceration at a medical facility. Defendant also has a history of drug use, including being forced to use alcohol and crack cocaine as well as frequently using marijuana since age 14. (PSI at ¶ 23, 67–68). Defendant's offense was not violent or sexual in nature, and is otherwise eligible for the Residential Drug Abuse Program (RDAP).

## VIII. CONCLUSION

This memorandum is not meant to demean the seriousness of the offense, nor is it meant to provide excuses for Mr. Daniels behavior. It is meant to provide the Court with the various factors that contributed to his criminal behavior. Mr. Daniels' upbringing, if one can even call it

that, was extremely harsh and abusive. As a result of his childhood and other factors, Mr. Daniels has a plethora of physical and mental conditions. Further, he has accepted responsibility and expressed remorse.

For the foregoing reasons, Defendant Steven D. Daniels prays this Honorable Court impose a sentence that is not punitive in nature and considers the various factors that led to the instant offense. Defendant further prays this Honorable Court recommend placement in a medical facility and admission to the Residential Drug Abuse Program (RDAP).

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

/s/ J. Reid Yoder
J. Reid Yoder (0076587)
209 South Main Street, Third Floor
Akron, Ohio 44308-1321
Telephone: 330.762.7477
Facsimile: 330.762.8059
ryoder@dypylaw.com

**CERTIFICATE OF SERIVICE**

I hereby certify that on July 6, 2017, a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ J. Reid Yoder
J. Reid Yoder (0076587)